IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-150-D

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN HOLTON B. SHEPHERD, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| LPL FINANCIAL LLC, | ) ) |
| Defendant. | ) ) |

O R D E R

This matter is before the court on the motion of Defendant LPL Financial LLC ("Defendant" or "LPL Financial") for a protective order and to stay discovery. [DE-37]. Plaintiffs have responded in opposition to the motion [DE-43], and the issues are ripe for decision. For the reasons set forth below, the motion for protective order and to stay discovery is denied.

**I. BACKGROUND**

On July 9, 2015, Plaintiffs initiated arbitration (the "Underlying Arbitration") seeking over $1.3 million in damages against LPL Financial. [DE-1-2] at 14, 20–21. Plaintiffs asserted that an employee of LPL Financial inappropriately invested Plaintiffs' brokerage accounts resulting in substantial losses. *Id.* at 40, 44. The Underlying Arbitration panel consisted of three arbitrators, and on December 2, 2016, the panel issued a unanimous award in favor of Plaintiffs in the amount of $119,117.00. *Id.* at 20–27.

On February 28, 2017, Plaintiffs filed a petition to vacate the arbitration award in North Carolina state court, which was removed to this court on March 30, 2017. [DE-1, -1-2]. Plaintiffs alleged that LPL Financial failed to produce certain documents that were responsive to a document

request in the Underlying Arbitration and that one of the arbitrators, Lynne T. Albert, demonstrated evident partiality in favor of LPL Financial when she failed to disclose a previous relationship with an attorney representing LPL Financial in the Underlying Arbitration. *Id.* at 12–18. On May 5, 2017, LPL Financial filed a response in opposition to the petition and cross-petition to confirm the arbitration award. [DE-16]. In response to the order for discovery plan [DE-21], the parties filed competing Rule 26(f) reports, in which Plaintiffs seek a period of discovery on issues to include "failures by the arbitrators (such as arbitrator disclosure failures) and by [LPL Financial] (such as discovery failures)," [DE-42] ¶ 3(a), and Defendant takes the position that no discovery is warranted, [DE-41] ¶ 3(a).

## II. ANALYSIS

Defendant seeks a protective order pursuant to 9 U.S.C. § 6, Fed. R. Civ. P. 81(a)(6)(B), and Fed. R. Civ. P. 26(c) to preclude Plaintiffs from conducting discovery and to stay discovery pending disposition of the petition to vacate and response thereto. Def.'s Mot. [DE-37] at 1. Specifically, Defendant argues that petitions to vacate must be heard as motions under Section 6 of the Federal Arbitration Act ("FAA") and, as such, discovery is disfavored and Plaintiffs must demonstrate "clear evidence of impropriety" to obtain even limited discovery. Def.'s Mem. [DE-38] at 2, 4–10. Plaintiffs contend that Defendant applies the clear evidence standard too broadly and that they are entitled to at least some discovery under Fed. R. Civ. P. 26(b), where the information sought is "relevant and necessary to the determination of an issue raised." Pls.' Resp. [DE-43] at 4–6 (citation omitted). Plaintiffs alternatively argue that applying either the relevance

2

or clear evidence standard they are entitled to some discovery.[1] *Id.* at 6–11.

The FAA, 9 U.S.C. §§ 1 *et seq.*, governs the instant case. *See Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 458 (4th Cir. 1997) (noting the FAA's applicability to an arbitration involving a brokerage account dispute); *Smith Barney, Inc. v. Bardolph*, 131 N.C. App. 810, 812, 509 S.E.2d 255, 257 (1998) (stating that brokerage agreements "fall within the broad construction" of the FAA). This is so despite Plaintiffs' assertion of both federal and state law as grounds for vacatur. *See Carpenter v. Brooks*, 139 N.C. App. 745, 749, 534 S.E.2d 641, 645 (2000) (concluding the FAA rather than the North Carolina Uniform Arbitration Act applied to a motion to vacate an arbitration award related to a brokerage contract, which implicated interstate commerce). Once applied, "[t]he 'body of federal substantive law' generated by elaboration of [the] FAA . . . is equally binding on state and federal courts." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 12 (1984)). In proceedings under the FAA, the Federal Rules of Civil Procedure govern except to the extent Title 9 provides other procedures. Fed. R. Civ. P. 81(a)(6)(B); *see Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 482 (4th Cir. 1999) (recognizing that "Rule 81 [] would authorize a district court, in enforcing an arbitration agreement, to 'order discovery pursuant to Fed. R. Civ. P. 26 on matters relevant to the existence of an arbitration agreement.'") (citation omitted).

Defendant concedes that "discovery is not completely foreclosed in vacatur proceedings," but argues that courts only rarely allow it upon a showing of clear evidence of impropriety. Def.'s Mem. [DE-38] at 6. The court previously applied the clear evidence of impropriety standard when

---

[1] At the conclusion of Plaintiffs' response brief, they ask the court to enter a scheduling order consistent with their Rule 26(f) report or, alternatively, request guidance on how to submit the petition to vacate to he heard "in the manner . . . of motions." Pls.' Resp. [DE-43] at 12 (quoting 9 U.S.C. § 6). These issues are raised in the parties' Rule 26(f) reports and are not before the undersigned at this time.

assessing the propriety of subpoenas served by Plaintiffs on the non-party arbitrators. *See In re Subpoenas Issued to Albert*, No. 5:17-CV-150-D, 2017 WL 4976443, at *2 (E.D.N.C. Nov. 1, 2017) ("[T]he weight of persuasive case law demands a heightened showing of 'clear evidence of impropriety' to obtain discovery from a non-party arbitrator."). However, the court is not convinced that the clear evidence standard applies more broadly, as Defendant urges, to all discovery sought, including from a party or a non-party other than an arbitrator. The cases cited by Defendant in support of requiring a showing of clear evidence of impropriety in order to conduct any discovery largely address discovery sought from arbitrators. *See e.g.*, *Andros v. Marc Rich & Co., A.G.*, 579 F.2d 691, 702 (2d Cir. 1978) (requiring clear evidence of impropriety to obtain discovery from an arbitrator); *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 66 (2d Cir. 2003) ("[A]rbitrators may not be deposed absent 'clear evidence of impropriety.'"), *overruled on other grounds by Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576 (2008); *Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 943 (N.D. Ill. 2010) (applying the clear evidence of impropriety standard to request to take limited discovery of an arbitrator). Importantly, Plaintiffs assert not only arbitrator bias as a basis for vacating the underlying arbitration award, but also Defendant's failure to produce requested documents in the underlying arbitration.

In any event, the court need not decide now what standard to apply, because there are no disputed discovery requests before the court to consider, and at the time the instant motion was briefed by the parties, no discovery had been served on Defendant.[2] Pls.' Resp. [DE-43] at 6. It

---

[2] Plaintiffs did serve discovery requests on non-parties, including document subpoenas to the three arbitrators, which the court quashed [DE-45], and a document subpoena to Defendant's law firm, to which the firm objected but no related motions have been filed, Def.'s Mem. [DE-38] at 1 & Exs. A, B [DE-38-1, -38-2]. It is noteworthy that while Defendant's law firm lodged several objections to the subpoena, it left open the possibility that it would consider complying with a more limited request. [DE-38-2] at 3.

4

would be imprudent to attempt to predict what discovery Plaintiffs might seek, and the court expresses no opinion on what, if any, limited discovery might ultimately be justified. As a general matter, a "limited scope of judicial review," *Richmond, Fredericksburg & Potomac R. Co. v. Transportation Commc'ns Int'l Union*, 973 F.2d 276, 278 (4th Cir. 1992), and "restricted inquiry into factual issues" *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 747–48 (11th Cir. 1988), support the "strong federal policy favoring arbitrability," *In re Nat'l Risk Underwriters, Inc.*, 1989 WL 100649, at *3, 884 F.2d 1389 (4th Cir. 1989) (per curiam) (citation omitted), and allowing full-blown discovery in a proceeding such as this would undermine that policy. However, these principles fail to justify the preemptive ban Defendant seeks on all discovery. Accordingly, Defendant's motion for a protective order and to stay discovery pending the court's ruling on the motion to vacate is denied.

### III. CONCLUSION

For the reasons set forth above, the motion for protective order and to stay discovery [DE-37] is denied.

SO ORDERED, the 20th day of November 2017.

_____
Robert B. Jones, Jr.
United States Magistrate Judge