IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-150-D

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN HOLTON B. SHEPHERD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LPL FINANCIAL LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

ORDER

This matter is before the court on Plaintiffs' motion to compel discovery pursuant to Fed. R. Civ. P. 37 [DE #55]. Defendant LPL Financial LLC ("LPL Financial") has responded in opposition to the motion. Plaintiffs' motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for disposition. For the reasons stated below, Plaintiffs' motion to compel is denied.

## BACKGROUND

Plaintiffs initiated arbitration (the "underlying arbitration") on July 9, 2015, seeking over $1.3 million in damages against Defendant LPL Financial, claiming that its failure to supervise its employee led to millions of dollars in losses for dozens of LPL Financial customers, including Plaintiffs. On December 6, 2016, a panel of three arbitrators awarded Plaintiffs over $100,000. (Arbitration Award [DE #1-2 at 20].) On February 28, 2017, Plaintiffs filed a petition to vacate the arbitration award in

North Carolina state court, which Defendant removed to this court on March 30, 2017. (Pet. Vacate [DE #1-2 at 12]; Notice Removal [DE #1].) As grounds for their petition, Plaintiffs assert, in part, that the arbitration award was procured by corruption, fraud, or undue means.

Presently before the court is a discovery dispute regarding Defendant's resistance to Plaintiffs' Requests for Production of Documents ("RPD").

## DISCUSSION

Plaintiffs seek Defendant's response to RPDs 8 through 10. (Pl.'s Mem. Supp. Mot. Compel [DE #56] at 2.) Defendant opposes the requests, in general, on the ground the requests are an attempt to relitigate the underlying arbitration and are unwarranted in a petition to vacate. (Def.'s Opp. Pls.' Mot. Compel [DE #57] at 4–5.)

Rule 37 permits a party to move to compel cooperation with discovery requests if "a party fails to answer an interrogatory submitted under Rule 33" or fails to produce or make available for inspection documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "[T]he court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

Rule 37(a)(1) of the Federal Rules of Civil Procedure also requires a party to certify that it has "in good faith conferred or attempted to confer with the person or

2

party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The local rules of this district similarly require that counsel "certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1.(c)(2); *see generally Boykin Anchor Co. v. Wong*, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011) (describing discovery motion requirements under federal and local rules).

Plaintiffs have made this certification of good faith efforts to resolve the parties' discovery disputes. (*See* Pls.' Mem. Supp. Mot. Compel at 1.) On February 7, 2018, Plaintiffs served a 94-page "First Discovery Requests" containing 22 requests for admission, 15 document production requests, and attaching 23 exhibits. On March 9, 2018, Defendant responded, objecting to all discovery requests, and offered to meet and confer. Defendant subsequently submitted an amended response admitting all of Plaintiffs' requests for admission but maintaining objections to Plaintiff's requests for documents. On April 19, 2018, both parties participated in a telephonic meet and confer but failed to reach an agreement. (Pls.' Mem. Supp. Mot. Compel. at 2.)

Turning now to the motion presently before the court, Plaintiffs seek to compel responses to the following requests for production:

- All documents responsive to the Chairperson's Order dated April 28, 2016, in FINRA Arbitration No. 15-01640, attached hereto and incorporated herein as Exhibit U that were not produced to Claimants in FINRA Arbitration No. 15-01640. [RFP No. 8]

- All documents responsive to the Chairperson's Order dated July 5, 2016, in FINRA Arbitration No. 15-01640, attached hereto and

3

- incorporated herein as Exhibit V that were not produced to Claimants in FINRA Arbitration No. 15-01640. [RFP No. 9]

- All documents responsive to the Chairperson's Order dated August 30, 2016, in FINRA Arbitration No. 15-01640, attached hereto and incorporated herein as Exhibit W that were not produced to Claimants in FINRA Arbitration No. 15-01640. [RFP No. 10]

(Pls.' Mem. Supp. Mot. Compel, Ex. 1 at 8 (emphases omitted).)

Under the Federal Arbitration Act ("FAA"), an arbitration award may be vacated, *inter alia*, "where the award was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1). The FAA provides narrow grounds for vacatur as a national policy. *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) ("We are, therefore, hesitant to read any of § 10's grounds for vacatur too broadly."). To vacate an award due to corruption, fraud, or undue influence, there must be a close causal connection between the wrongdoing and the award. *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 858–59 (4th Cir. 2010) (citing *PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship*, 187 F.3d 988, 994 (8th Cir. 1999)).

"To prove that an award was procured by undue means, the party seeking vacatur must show that the fraud or corruption was (1) not discoverable upon the exercise of due diligence prior to the arbitration, (2) materially related to an issue in the arbitration, and (3) established by clear and convincing evidence." *Id.* at 858. Materiality in this context means that the improper conduct bore on an issue decided by the arbitration panel and affected the arbitration decision. *See PaineWebber Group,* 187 F.3d at 994.

As the Fourth Circuit has recognized:

> [T]here exists a strong federal policy favoring arbitrability. Concomitant with this federal policy favoring arbitration is the belief that the arbitration process, as the forum selected by the parties for the resolution of their dispute, must operate with a minimum of judicial supervision. The arbitration process represents a faster and less expensive alternative to litigating disputes in court. As a result, the arbitration process must not become but the first step in the litigation process; to do so would be to defeat the very purposes for which the parties chose arbitration as a method of dispute resolution.

*In re Nat'l Risk Underwriters, Inc.*, No. 88-2564, 1989 WL 100649, at *3 (4th Cir. 1989) (citation omitted).

Discovery in post-arbitration judicial proceedings is governed by the Federal Rules of Civil Procedure, and the district court has discretion to control discovery in such proceedings. *Wichard v. Suggs*, 95 F. Supp. 3d 935, 948 (E.D. Va. Mar. 24, 2015) (quoting *Lyeth v. Chrysler Corp.*, 929 F.2d 891, 898 (2d Cir. 1991)). Due to the strong federal policy favoring the finality of arbitration awards, discovery in post-arbitration judicial proceedings should be permitted only in limited circumstances–where a showing has been made that the discovery sought is relevant and necessary to the court's determination of the petition. *Wichard*, 95 F. Supp. 3d at 948 ("In some instances, a district court may permit discovery in a post-arbitration proceeding when such discovery is 'relevant and necessary to the determination of an issue raised by such an application.'"); *Frere v. Orthofix, Inc.*, Nos. 99-CV-4049, 00-CV-1968, 2000 WL 1789641, at *4 (S.D.N.Y. Dec. 6, 2000). To allow otherwise "would negate the concept of arbitration as a relatively quick means of dispute resolution, and would

only protract and delay the termination of the arbitration proceeding." *In re Nat'l Risk Underwriters*, 1989 WL 100649, at *4.

Here, Plaintiffs seek vacatur of the underlying arbitration award on the ground it was "'procured by corruption, fraud, or undue means' due to Defendant's failure to produce relevant documents as ordered by the [arbitration] panel." (Pls.' Mem. Supp. Mot. Compel at 2.) Plaintiffs have identified twenty documents they contend were "plainly responsive" to an order compelling Defendant to provide discovery in the underlying arbitration. (*Id.* at 9.) They assert there is "no way to know the extent of Defendant's [discovery] failures" and urge the court to compel Defendant to provide discovery in this case. (*Id.*)

Plaintiffs have not met their burden of demonstrating both relevance and necessity for discovery in this post-arbitration proceeding. Plaintiffs have identified a number of documents that Defendant admits were not produced in the underlying arbitration. However, Plaintiffs have not submitted the documents for the court's review or otherwise described the contents of these documents other than in a summary or conclusory fashion. For example, Plaintiffs assert the documents sought contain information "directly relevant to the critical supervision issues and failures" at issue in the underlying arbitration but fail to explain the particular relevance of the documents. Accordingly, Plaintiffs have failed to demonstrate how Defendant's failure to comply with the arbitration panel's order to produce documents may have affected the outcome of the arbitration proceeding, especially given the arbitration panel's unanimous award in favor of Plaintiffs.

6

Absent a showing that the discovery sought is relevant and necessary to the court's determination of Plaintiff's petition, allowing discovery into matters that occurred in the underlying arbitration proceeding would impermissibly undermine the arbitral process. Accordingly, the court denies Plaintiffs' motion to compel Defendant to respond to RPD 8–10.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel [DE #55] is DENIED. This 18th day of March 2019.

KIMBERLY A. SWANK
United States Magistrate Judge