IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-150-D

BONNIE L. SHEPHERD, et al., )
)
                Plaintiffs, )
)
v. ) **ORDER**
)
LPL FINANCIAL LLC, )
)
                Defendant. )

On February 28, 2017, plaintiffs filed a petition in Wake County Superior Court to vacate an arbitration award of $107,677 entered in their favor on December 2, 2016. See [D.E. 1-2] 12–18. On March 30, 2017, LPL Financial LLC ("LPL" or "defendant") removed the action to this court [D.E. 1]. On September 11, 2018, plaintiffs moved for permission to file a memorandum in opposition to defendant's motion for a protective order precluding further discovery [D.E. 58]. On September 26, 2018, plaintiffs withdrew the motion as moot [D.E. 67]. On September 21, 2018, plaintiffs moved for summary judgment [D.E. 63], filed a memorandum in support [D.E. 64], and moved for a hearing [D.E. 65]. On October 18, 2018, LPL responded in opposition and asked the court to confirm the award [D.E. 70]. On November 1, 2018, plaintiffs replied [D.E. 71]. On August 22, 2018, plaintiffs moved to compel discovery [D.E. 55] and filed a memorandum in support [D.E. 56]. On September 5, 2018, LPL responded in opposition [D.E. 57]. On September 12, 2018, the court referred the motion to Magistrate Judge Swank [D.E. 60]. On March 18, 2019, Magistrate Judge Swank comprehensively analyzed the discovery dispute and denied plaintiffs' motion to compel discovery [D.E. 76]. On March 20, 2019, the court held a hearing concerning plaintiffs' pending motions. As explained at the hearing, the court denies plaintiffs' motion for

summary judgment and confirms the arbitration award of $107,677 entered in plaintiffs' favor.

I.

On September 21, 2018, plaintiffs moved for summary judgment concerning their claim to vacate the arbitration award of $107,677 entered in their favor [D.E. 63]. Plaintiffs contend that the award should be set aside for two reasons. First, plaintiffs allege that one of the arbitrators previously served on an arbitration panel in a case in which counsel for defendant had appeared as counsel and that the panel had ruled in favor of defendant's counsel's client. See [D.E. 1-2] 15–16. Second, plaintiffs allege that defendant failed to produce relevant documents during the arbitration. See id. 16; [D.E. 64] 6–9.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., provides for "expedited judicial review to confirm, vacate, or modify arbitration awards." Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 578 (2008). "The scope of judicial review of an arbitration award is among the narrowest known at law." UBS Fin. Servs., Inc. v. Padussis, 842 F.3d 336, 339 (4th Cir. 2016) (quotation omitted); see Wachovia Secs., LLC v. Brand, 671 F.3d 472, 478 n.5 (4th Cir. 2012); MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 857 (4th Cir. 2010); Williamson Farm v. Diversified Crop Ins. Servs., No. 5:17-CV-513-D, 2018 WL 1474068, at *3 (E.D.N.C. Mar. 26, 2018) (unpublished), aff'd, No. 18-1463, 2019 WL 939004 (4th Cir. Feb. 27, 2019). In seeking vacatur, plaintiffs must show "one of the grounds specified in the [FAA] or one of certain limited common law grounds." MCI Constructors, LLC, 610 F.3d at 857; see 9 U.S.C. § 10(a); Padussis, 842 F.3d at 339; Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 234 (4th Cir. 2006).

Plaintiffs rely on 9 U.S.C. § 10(a)(1) and (2). Plaintiffs must show either that "the award was procured by corruption, fraud, or undue means" or that "there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(1)–(2); see Williamson Farm, 2018 WL 1474068,

at *3-4. "The term 'undue means' has generally been interpreted to mean something like fraud or corruption." MCI Constructors, 610 F.3d at 858; Three S Del., Inc. v. DataQuick Info. Sys., Inc., 492 F.3d 520, 529 (4th Cir. 2007). To prove that an award was procured by undue means, the party seeking vacatur "must show that the fraud or corruption was (1) not discoverable upon the exercise of due diligence prior to the arbitration, (2) materially related to an issue in the arbitration, and (3) established by clear and convincing evidence." MCI Constructors, 610 F.3d at 858 (alteration omitted).

As for arbitrator partiality, "the party seeking vacation has the burden of proving that a reasonable person would have to conclude that an arbitrator was partial to the other party to the arbitration." Consol. Coal Co. v. Local 1643, United Mine Workers, 48 F.3d 125, 129 (4th Cir. 1995) (quotations omitted). This standard requires showing something more than "the appearance of bias." Id. (quotation omitted); see Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 991 F.2d 141, 146 (4th Cir. 1993) (collecting cases). The alleged partiality "must be direct, definite, and capable of demonstration rather than remote, uncertain or speculative." Peoples Sec. Life Ins. Co., 991 F.2d at 146 (quotation omitted); Am. Ins. Managers, Inc. v. Guarantee Ins. Co., No. 1:07-CV-1615-MBS, 2011 WL 1162374, at *11 (D.S.C. Mar. 29, 2011) (unpublished) (quotation omitted). A party asserting partiality faces a "heavy" burden. Peoples Sec. Life Ins. Co., 991 F.2d at 146.

Plaintiffs have not met their burden of proof under 9 U.S.C. § 10(a)(1) concerning the withheld documents. See MCI Constructors, LLC, 610 F.3d at 858; Bauer v. Carty & Co., 246 F. App'x 375, 378-80 (6th Cir. 2007) (unpublished); Forsythe Int'l, S.A. v. Gibbs Oil Co., 915 F.2d 1017, 1022-23 (5th Cir. 1990); Wells Fargo Advisors, LLC v. Watts, 858 F. Supp. 2d 591, 598 (W.D.N.C. Mar. 12, 2012), aff'd in part and rev'd in part, 540 F. App'x 229 (4th Cir. 2013) (per curiam) (unpublished); Weirton Med. Ctr., Inc. v. QHR Intensive Res., LLC, No. 5:15CV131, 2016

3

WL 2766650, at *9 (N.D. W. Va. May 12, 2016) (unpublished), aff'd, 682 F. App'x 227 (4th Cir. 2017) (per curiam) (unpublished). Similarly, plaintiffs have not shown that "there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2); see Consol. Coal Co., 48 F.3d at 129; Am. Ins. Managers, Inc., 2011 WL 1162374, at *11. Accordingly, the court denies plaintiffs' motion for summary judgment and confirms the award.

II.

In sum, the court DENIES plaintiffs' motion for summary judgment [D.E. 63] and CONFIRMS the arbitration award of $107,677 entered in plaintiffs' favor. The court GRANTS plaintiffs' motion to withdraw [D.E. 67] and GRANTS plaintiffs' motion for hearing [D.E. 65]. Plaintiffs' motion for permission to file a memorandum is WITHDRAWN [D.E. 58].

SO ORDERED. This 20 day of March 2019.

JAMES C. DEVER III
United States District Judge